**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____      :
PHYLLIS GIANNINI and             :
JOSEPH ROBERT GIANNINI,          :    Civ. A. No. 11-3542 (NLH)(AMD)
              Plaintiffs,        :
                                 :
         v.                      :
                                 :    OPINION
BARRY W. ROSENBERG and           :
and JOHN M. PALM,                :
                                 :
              Defendants.        :
_____      :
```

**APPEARANCES:**

JOSEPH ROBERT GIANNINI
925 SOUTH WESTGATE AVENUE
#102
LOS ANGELES, CA 90049

    On behalf of plaintiff Phyllis Giannini and himself *pro se*

ROSS BEGELMAN
BEGELMAN & ORLOW, P.C.
411 ROUTE 70 EAST
SUITE 245
CHERRY HILL, NJ 08034

    On behalf of defendant Barry W. Rosenberg

BRIAN P. WILSON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    On behalf of defendant John M. Palm

**HILLMAN, District Judge**

    Plaintiffs Phyllis Giannini and her brother, a New Jersey licensed attorney, Joseph Giannini, claim that defendant Barry W. Rosenberg committed legal malpractice in his representation of

the Mara Court Homeowners Association, of which Ms. Giannini was a member and past president.  On behalf of the homeowners association, Rosenberg filed a New Jersey state court action against Ms. Giannini and two other past presidents for the reimbursement of payments to them that had not been sanctioned by the association's by-laws.  Mr. Giannini represented his sister in that case.  Plaintiffs claim that Rosenberg had a 25-year attorney/client relationship with Ms. Giannini, because through his representation of the association, he also represented her. Plaintiffs allege that Rosenberg committed malpractice by suing his own client - Ms. Giannini.  Plaintiffs also contend that Rosenberg suborned perjured testimony by the association's current president, and committed fraud on the court.

Plaintiffs also claim that Rosenberg conspired with defendant John M. Palm, Secretary of the District IV Ethics Committee for the New Jersey Office of Attorney Ethics, to violate plaintiffs' constitutional rights when Rosenberg filed an ethics complaint against Mr. Giannini.  After a bench trial in the association's state court action to recoup fees from Ms. Giannini, the state court judge found in favor of the association, and ordered Ms. Giannini to repay the association. The judge also awarded counsel fees to the association.  As Rosenberg attempted to collect on the judgment entered against Ms. Giannini, Mr. Giannini filed motions to set aside the

judgment.  Related to Mr. Giannini's efforts to set aside the judgment, Rosenberg filed an ethics complaint against Mr. Giannini with the New Jersey Office of Attorney Ethics.  Mr. Giannini then filed an ethics complaint against Rosenberg.

Plaintiffs claim that the ethics complaint filed by Rosenberg against Mr. Giannini was a sham in order to cover up his obstruction of justice and fraud on the court.  Because Rosenberg's wife is a New Jersey Superior Court judge, and he feels he is shielded by his wife's robe, plaintiffs contend that Rosenberg conspired with Palm to inappropriately pursue the investigation into Mr. Giannini's conduct, and to inappropriately delay Mr. Giannini's complaint against Rosenberg.  Plaintiffs allege that this conduct violated their due process and equal protection rights.  The ethics complaint against Mr. Giannini has not reached its ultimate resolution.[1]

Defendants have moved to dismiss plaintiffs' claims against them on various bases.[2]  Rosenberg has also filed a motion for

---

[1]In his motion for sanctions, Rosenberg attached a September 14, 2011 decision from the Ethics Panel that issued a decision recommending Mr. Giannini receive a reprimand.  In his opposition to Rosenberg's motion to dismiss, Mr. Giannini represents that he is appealing that decision and the matter is still pending.

[2]Plaintiffs originally filed suit against Rosenberg, Palm, and Charles Centinaro, the Director of the New Jersey Office of Attorney Ethics.  After Palm and Centinaro filed their motion to dismiss plaintiffs' complaint, plaintiffs filed an amended complaint, which removed Centinaro as a defendant.  Procedurally, the filing of plaintiffs' amended complaint mooted Palm and Centinaro's motion to dismiss.  Instead of refiling a new motion

sanctions against plaintiffs for filing a frivolous lawsuit. Plaintiffs have opposed both motions.  For the reasons expressed below, the Court will abstain from considering plaintiffs' claims regarding defendants' alleged conspiracy, deny the motion for sanctions, and decline to exercise supplemental jurisdiction over plaintiffs' state law legal malpractice claims.

**DISCUSSION**

**A.    Jurisdiction**

Plaintiffs have brought their claims pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986, as well as pursuant to New Jersey state law.  This Court has jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction to hear plaintiffs' state law claims under 28 U.S.C. § 1367.[3]

**B.    Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded

---

to dismiss the amended complaint, however, in his reply in further support of his motion to dismiss the original complaint, Palm argues that plaintiffs' amended complaint should be dismissed for the same reasons as the first complaint.  The Court will construe Palm's reply to be his motion to dismiss plaintiffs' amended complaint.  Because Rosenberg did not file his motion to dismiss until after plaintiffs' filed their amended complaint, this issue does not affect his motion.

[3]As stated, however, the Court will ultimately decline to exercise supplemental jurisdiction over plaintiffs' claims arising under state law.

allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . .");  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

5

2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

C.   **Analysis**

The United States Supreme Court directs that this Court should abstain from considering plaintiffs' claims that arise out of the ongoing attorney ethics complaint filed by Rosenberg against Mr. Giannini.  In Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 429 (1982), ethics

complaints were filed against three New Jersey lawyers, and the state ethics board determined after an investigation that the lawyers violated the rule of professional conduct that prohibits extrajudicial statements by lawyers associated with the prosecution or defense of a criminal matter.  Instead of filing an answer to the charges in accordance with the New Jersey Bar disciplinary procedures, the lawyers filed suit in the United States District Court for the District of New Jersey contending that the disciplinary rules violated their First Amendment rights.  <u>Middlesex</u>, 457 U.S. at 429.  The district court dismissed the case based on <u>Younger v. Harris</u>, 401 U.S. 37 (1971), concluding that "[t]he principles of comity and federalism dictate that the federal court abstain so that the state is afforded the opportunity to interpret its rules in the face of a constitutional challenge."  <u>Id.</u>  The Third Circuit Court of Appeals reversed.  <u>Id.</u>

On appeal, the Supreme Court reversed the Third Circuit. The Court first reiterated the impetus behind <u>Younger</u> and its progeny – that there exists a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances.  <u>Id.</u> at 431 (citing <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971) (explaining that the notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is

8

made up of a Union of separate state governments, and a
continuance of the belief that the National Government will fare
best if the States and their institutions are left free to
perform their separate functions in their separate ways.")).
Under Younger, "where vital state interests are involved, a
federal court should abstain unless state law clearly bars the
interposition of the constitutional claims." Id. at 432
(citations and quotations omitted).

The Supreme Court then recognized the "important state
obligation to regulate persons who are authorized to practice
law," which New Jersey expresses "in a state constitutional
provision vesting in the New Jersey Supreme Court the authority
to fix standards, regulate admission to the bar, and enforce
professional discipline among members of the bar." Id. at 433
(citing N.J. Const., Art. 6, § 2, ¶ 3). The Court noted that
the New Jersey Supreme Court considers that filing a complaint
with the local Ethics and Grievance Committee "is in effect a
filing with the Supreme Court," and that "[i]t is clear beyond
doubt that the New Jersey Supreme Court considers its bar
disciplinary proceedings as 'judicial in nature.'" Id.
(citations omitted). The Supreme Court continued, noting that
the State of New Jersey "has an extremely important interest in
maintaining and assuring the professional conduct of the
attorneys it licenses," and that "the judiciary as well as the

public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice." Id. at 434 (citations omitted).

When it analyzed the nature of the New Jersey state ethics committee procedures and rules with the tenets of Younger, the Supreme Court found that the federal court should abstain from hearing the lawyers' constitutional claims against the ethics committee. The Supreme Court concluded, "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Id. at 436.

This same finding applies to the case here. Mr. Giannini contends that Rosenberg and state ethics committee member Palm conspired to violate his due process and equal protection rights with regard to the filing and prosecuting of Rosenberg's ethics complaint against him. Although the ethics panel issued a recommendation that Mr. Giannini receive a reprimand, the ethics case is still ongoing, as Mr. Giannini is appealing that finding. Additionally, Mr. Giannini's motion to dismiss the ethics complaint based on constitutional grounds was preserved for review by the New Jersey Supreme Court. See N.J. Ct. R.

1:20-4(e) ("All constitutional questions shall be held for
consideration by the Supreme Court as part of its review of any
final decision of the Board."); N.J. Ct. R. 1:20-16(f); Def. Ex.
B, September 14, 2011 Ethics Panel decision, attached to Motion
for Sanctions.[4]

Thus, the New Jersey Supreme Court is currently tasked to
make two findings: (1) whether Mr. Giannini, in his capacity as a
New Jersey licensed attorney, violated New Jersey's rules of
professional ethics and warrants the discipline recommended by
the ethics board; and (2) whether Mr. Giannini's constitutional
rights were violated during that ethics complaint, investigation,
and hearing process.  Mr. Giannini has not provided this Court
with any compelling reason why the New Jersey Supreme Court
cannot fairly or adequately opine on the ethics rules governing
New Jersey licensed attorneys, or the constitutionality of the
circumstances of Mr. Giannini's ethics case.

One concern raised by Mr. Giannini in his opposition brief

---

[4]In consideration of this motion to dismiss, the Court
properly takes judicial notice of the September 14, 2011, New
Jersey ethics committee panel's report and recommendation.  See
Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group
Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Animal Science Products,
Inc. v. China Nat. Metals & Minerals Import & Export Corp., 596
F. Supp. 2d 842, 855 (D.N.J. 2008) (citing Fed. R. Evid. 201(b))
(explaining that pursuant to or the purposes of final
disposition, either on merits or on procedural grounds, a federal
court may take judicial notice of facts "capable of accurate and
ready determination by resort to sources whose accuracy cannot
reasonably be questioned").

is that Rosenberg and Palm are not parties to the ethics case, and therefore his claims against Rosenberg and Palm cannot be vindicated there.  Although that is technically true, Rosenberg's conduct is inextricably intertwined with Palm's and the rest of the ethics panel, such that any decision by the New Jersey Supreme Court on the constitutionality of the ethics board's conduct will also be a finding on Rosenberg's and Palm's conduct. Indeed, Mr. Giannini's constitutional violation claims against Rosenberg and Palm are that Rosenberg conspired with Palm, a member of the ethics board.  This Court cannot parse out Mr. Giannini's claims against Rosenberg and Palm without impermissibly interfering with pending state judicial proceedings - a finding as to these defendants' conduct would transcend this case and improperly restrain the state court from making its own findings.

Accordingly, this Court must abstain from considering plaintiffs' constitutional violation claims.  Relatedly, because Rosenberg's motion for sanctions against plaintiffs requires this Court to make decisions on the validity of plaintiffs' constitutional violation claims, the Court must deny that motion. Finally, because the remaining claims of Ms. Giannini against Rosenberg for legal malpractice arise solely under New Jersey state law, and may also require the Court to delve into issues implicated by the ethics dispute, the Court will decline to

continue exercising supplemental jurisdiction over those claims, and they will be dismissed.  <u>See</u> 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.").

An appropriate Order will be entered.


Date: June 8, 2012                             s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.