### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| PHYLLIS GIANNINI and | : | |
| JOSEPH ROBERT GIANNINI, | : | Civ. A. No. 11-3542 (NLH)(AMD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **MEMORANDUM** |
| | : | **OPINION & ORDER** |
| BARRY W. ROSENBERG and | : | |
| and JOHN M. PALM, | : | |
| | : | |
| Defendants. | : | |

---

**APPEARANCES:**

JOSEPH ROBERT GIANNINI
925 SOUTH WESTGATE AVENUE
#102
LOS ANGELES, CA 90049

     On behalf of plaintiff Phyllis Giannini and himself *pro se*

ROSS BEGELMAN
BEGELMAN & ORLOW, P.C.
411 ROUTE 70 EAST
SUITE 245
CHERRY HILL, NJ 08034

MATTHEW S MARRONE
GOLDBERG SEGALLA LLP
901 CARNEGIE CENTER
SUITE 100
PRINCETON, NJ 08540

     On behalf of defendant Barry W. Rosenberg

BRIAN P. WILSON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

     On behalf of defendant John M. Palm

**HILLMAN, District Judge**

This matter having come before the Court on the motion of plaintiffs for reconsideration of this Court's Opinion and Order granting defendants' motion to dismiss their case[1]; and

In their complaint, plaintiffs having claimed that defendants conspired to violate their constitutional rights in the prosecution of civil litigation involving a home owner's association, and the filing of ethics complaints with the New Jersey Office of Attorney Ethics; and

The Court having dismissed plaintiffs' claims pursuant to Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 429 (1982) and Younger v. Harris, 401 U.S. 37 (1971); and

Plaintiffs now arguing that the Court should reverse its decision as a "clear error of law"; and

Local Civil Rule 7.1(i) governs a motion for reconsideration, which provides, in relevant part, "A motion for

---

[1] During the pendency of plaintiffs' motion for reconsideration, Ms. Giannini filed a motion for leave to file an amended complaint. Even though in the Court's prior Opinion, the Court declined to continue to exercise supplemental jurisdiction over Ms. Giannini's state law claims and dismissed them, Ms. Giannini has moved for leave to file an amended complaint to add constitutional violation claims relating to the defendants' actions in the state court matters. Because the Court will deny plaintiffs' motion for reconsideration and the case will remain closed, the motion for leave to amend will be denied as moot. The Court takes no position about whether Ms. Giannini may advance those claims against defendants in a new matter.

reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through

3

the normal appellate process, <u>S.C. ex rel. C.C. v. Deptford Twp</u> <u>Bd. of Educ.</u>, 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

Plaintiffs arguing that <u>Deakins v. Monaghan</u>, 484 U.S. 193 (1988) requires that this Court should have stayed their case, rather than having dismissed it on abstention grounds, because the monetary relief they were seeking could not be obtained through the state court proceedings; but

The Court finding <u>Deakins</u> to be inapposite to the case here, as <u>Deakins</u> required the stay of federal court claims for money damages because the contemporaneous state court criminal proceedings could not provide such relief; and

The Court further finding that plaintiffs have not shown why monetary damages are not available to them in the state forum, <u>see</u> Docket No. 27 at 10-11[2]; and

Therefore, the Court finding that plaintiffs have not demonstrated that the Court needs to correct a clear error of law or fact or to prevent manifest injustice;

_____

[2]As the Court noted in its prior Opinion, Mr. Giannini's constitutional claims were preserved for review by the New Jersey Supreme Court. <u>See</u> N.J. Ct. R. 1:20-4(e) ("All constitutional questions shall be held for consideration by the Supreme Court as part of its review of any final decision of the Board.") Moreover, as the Court also noted, because Mr. Giannini's claims, and Ms. Giannini's proposed claims, arise from Rosenberg's conduct which is inextricably intertwined with Palm's and the rest of the ethics panel, "a finding as to these defendants' conduct would transcend this case and improperly restrain the state court from making its own findings." (Docket No. 27 at 12.)

4

Accordingly,

IT IS on this   26th   day of March  , 2013

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that plaintiffs' motion for reconsideration [29] is DENIED; and it is further

ORDERED that plaintiffs' motion for leave to file an amended complaint [35] is DENIED AS MOOT; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

        s/ Noel L. Hillman
       NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey